IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALTER RICHARD FRANKLIN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-0478-N |
| STATE OF TEXAS, PARDONS | § | |
| AND PAROLES DIVISION | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Walter Richard Franklin, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

Petitioner was released to parole after serving part of a 33-year sentence for burglary of a habitation. Thereafter, his parole was revoked for an unspecified violation. Petitioner then filed this action seeking federal habeas relief on the grounds that: (1) his parole revocation constitutes double jeopardy because he has not been convicted of a new crime; and (2) he was denied due process in connection with the revocation hearing.

On March 5, 2009, the court sent written interrogatories to petitioner in order to determine whether these claims were raised in state court. Petitioner answered the interrogatories on April 2, 2009. The court now determines that this case should be dismissed without prejudice for failure to exhaust state remedies.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). Under Texas law, claims involving parole revocation hearings are cognizable in an application for writ of habeas corpus under Tex. Code Crim. Proc. Ann. art. 11.07. *See Levi v. Director, TDCJ-ID*, No. 1-06-CV-37, 2006 WL 2504783 at *2 (E.D. Tex. Aug. 29, 2006), *citing Bd. of Pardons and Paroles ex rel Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

Petitioner has never presented any of his claims to the Texas Court of Criminal Appeals in an application for state post-conviction relief. (*See* Hab. Pet. at 4, ¶ 11; Mag. J. Interrog. #4).[1] Because petitioner has failed to exhaust his state remedies, this case must be dismissed.

### RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

---

[1] The court also takes judicial notice of the official website of Dallas County, Texas, which confirms that petitioner has never filed a state writ of habeas corpus in connection with his parole revocation. *See* http://www.dallascounty.org/pars2/# (search for "Walter Franklin").

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 7, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE